IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (M.S.H.),<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WYNDHAM HOTEL GROUP, LLC,<br>WYNDHAM HOTELS & RESORTS,<br>INC. and PALMDALE MOTEL<br>MANAGEMENT, INC.<br><br>　　　　　　Defendants. | Case No. 2:24-CV-04895-SVW-MARx<br><br>**JOINT STIPULATION FOR<br>PROTECTIVE ORDER** |

1      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and its inherent
2  authority, the Court hereby orders the entry of the following Protective Order in this
3  matter.

4      **1.    PURPOSES AND LIMITATIONS**

5      Discovery in this action is likely to involve the production of confidential,
6  proprietary or private information for which special protection from public disclosure
7  and from use for any purpose other than pursuing this litigation may be warranted.
8  Accordingly, the parties hereby stipulate to and petition the Court to enter the following
9  Stipulated Protective Order. The parties acknowledge that this Order does not confer
10  blanket protections on all disclosures or responses to discovery and that the protection
11  it affords from public disclosure and use extends only to the limited information or
12  items that are entitled to confidential treatment under the applicable legal principles.

13      **2.    GOOD CAUSE STATEMENT**

14      This action is likely to involve sensitive private information, valuable
15  commercial, and/or proprietary information for which special protection from public
16  disclosure and from use for any purpose other than prosecution of this action is
17  warranted. Such confidential and proprietary materials and information consist of,
18  among other things, confidential business or financial information, information
19  regarding confidential business practices, or other confidential commercial or personal
20  information (including information implicating privacy rights of third parties),
21  information otherwise generally unavailable to the public, or which may be privileged
22  or otherwise protected from disclosure under state or federal statutes, court rules, case
23  decisions, or common law. Accordingly, to expedite the flow of information, to
24  facilitate the prompt resolution of disputes over confidentiality of discovery materials,
25  to adequately protect information the parties are entitled to keep confidential, to ensure
26  that the parties are permitted reasonable necessary uses of such material in preparation
27  for and in the conduct of trial, to address their handling at the end of the litigation, and

28

serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 3.    ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material (as defined below) that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material (as defined below) does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal,

1   the party seeking protection must articulate compelling reasons, supported by specific

2   facts and legal justification, for the requested sealing order. Again, competent evidence

3   supporting the application to file documents under seal must be provided by

4   declaration.

5       Any document that is not confidential, privileged, or otherwise protectable in its

6   entirety will not be filed under seal if the confidential portions can be redacted. If

7   documents can be redacted, then a redacted version for public viewing, omitting only

8   the confidential, privileged, or otherwise protectable portions of the document, shall be

9   filed. Any application that seeks to file documents under seal in their entirety should

10  include an explanation of why redaction is not feasible.

11  **4.    DEFINITIONS**

12      A.    "Action" means *Jane Doe (M.S.H.) v. WYNDHAM HOTEL GROUP,*

13  *LLC., et al.*, Case No. 2:24-cv-04895, presently pending in the Central District of

14  California, Western Division.

15      B.    "Party" means any party named in this Action.

16      C.    "Non-Party" means any natural person, partnership, corporation,

17  association, or other legal entity not named as a Party in this Action.

18      D.    Challenging Party: a Party or Non-Party that challenges the designation

19  of information or items under this Order.

20      E.    "Plaintiff's Identity" means: (i) names and aliases used by Plaintiff at any

21  time; (ii) Plaintiff's date of birth; (iii) Plaintiff's social security number; (iv) Plaintiff's

22  current and prior residential addresses; (v) Plaintiff's current and prior phone numbers

23  and active and inactive social media or online user account names; (vi) Plaintiff's

24  likeness; and (vii) the names of Plaintiff's biological or adoptive parents, and biological

25  siblings. Any document containing Plaintiff's Identity is subject to this Protective

26  Order unless the information constituting Plaintiff's Identity is redacted from the

27  document.

28

F.    "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that contain: (i) sensitive personal identifying or financial information, including but not limited to, dates of birth, social security numbers, phone numbers, employment histories, or credit card information; (ii) information that relates to a person's business operations, processes, trade secret or proprietary information, and/or technical and development information, the disclosure of which is likely to harm that person's competitive position; and (iii) any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable. "Confidential Information" does not include "Plaintiff's Identity" which is separately addressed herein.

G.    "Highly Confidential Information" means Discovery Material that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains any trade secret or proprietary information that the Party has maintained as non-public and confidential.

H.    "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery and marks as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

I.    "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in response to a discovery request issued in this case.

J.    "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

K.    "In-House Counsel" means Attorneys who are employees of a Party.

L.    "Counsel" (without qualifier) means Outside Counsel and In-House

1  Counsel (as well as their support staffs).

2      M.    "Final Disposition" means the later of (i) dismissal of all claims and

3  defenses in this Action, with or without prejudice; and (ii) final judgment herein after

4  the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews

5  of this action, including the time limits for filing any motions or applications for

6  extension of time pursuant to applicable law.

7      N.    "Producing Party" means any Party or non-party that discloses or

8  produces any Discovery Material in this case.

9      O.    "Protected Material" means any Discovery Material that is designated

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided for in this Order.

11      P.    "Receiving Party" means any Party who receives Discovery Material from

12  a Producing Party

13      Q.    "Expert" means a person with specialized knowledge or experience in a

14  matter pertinent to this lawsuit who has been retained by a Party or their Counsel to

15  serve as an expert witness or consultant in this Action.

16      R.    "Professional Vendors" means persons or entities that provide litigation

17  support services (e.g., document and ESI processing, hosting, review and production,

18  photocopying, videotaping, translating, preparing exhibits or demonstrations, and

19  organizing, storing, or retrieving data in any form or medium) and their employees or

20  subcontractors.

21      **5.    REPRESENTATION, SCOPE AND DURATION**

22      A.    Plaintiff represents that she believes in good faith that the alleged

23  trafficker(s) and the traffickers' associates present an ongoing threat to safety to

24  Plaintiff and her family members, and that the disclosure of Plaintiff's Identity within

25  the context of this Action will increase that threat as well as the social stigma associated

26  with being a trafficking victim. Plaintiff further represents that she has taken steps to

27  prevent disclosure of Plaintiff's Identity in conjunction with this Action, that she is

28

unaware of any public disclosure of Plaintiff's Identity in conjunction with this Action, and that she does not intend to publicly disclose her Identity in conjunction with this Action, on social media or otherwise. If Defendants become aware of any public disclosure of Plaintiff's Identity in conjunction with this Action by Plaintiff or her counsel, Defendants may apply to the Court for relief from the restrictions imposed in this Protective Order related to nondisclosure of Plaintiff's Identity.

B.      The protections conferred by this Order cover not only Protected Material but also (i) all copies, excerpts, summaries, or compilations of Discovery Material; and (ii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material.

C.      This Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

D.      This Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

E.      To the extent a Designating Party provides Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any non-party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

F.      Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Protected Material to the Designating Party's Counsel or destroy such Protected Material, at the option of the Designating Party.

G.      All Parties that have received any such Protected Material shall, upon request by the Designating Party, certify in writing that all Protected Material has been returned to the Designating Party's Outside Counsel or destroyed. Notwithstanding the

provisions for return or destruction of Protected Material, Counsel may retain pleadings, correspondence, and attorney or consultant work product containing or appending Protected Material (but not document productions) for archival purposes. Counsel may also retain any deposition of an expert witness or corporate witness for the limited purpose of assisting in the recollection of past testimony and/or impeachment of said witness.

H.    Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

I.    Once a case proceeds to trial, information that was designated or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

**6.    USE AND DISCLOSURE**

A.    All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used solely for the purposes of the above-captioned litigation between the Parties. Nothing herein shall restrict the use of Protected Material of the Producing Party by the Producing Party.

B.    Access to a Designating Party's information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

i.    The Parties including the current employees, officers, and representatives of the Parties as needed to litigate any claims or defenses.

ii.      Former employees, officers, and representatives of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

iii.      Current and former contractors of the Parties who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

iv.      Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

v.      Adjusters and claims professionals of an insurer of a Party and counsel for such insurer of a Party as needed to litigate any claims or defenses who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A ;

vi.      The Court and Court personnel;

vii.      Court reporters, recorders, and videographers engaged for depositions;

viii.      Any mediator appointed by the Court or jointly selected by the Parties who executes the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

ix.      Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order attached to this Protective Order as Exhibit A;

x.      A person identified in the document marked "CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "CONFIDENTIAL";

xi.      Professional Vendors who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

xii.     Government agencies and agency personnel, but only to the extent that the disclosure of Confidential Information is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

xiii.     In the course of a deposition, any Non-Party deponent and such Non-Party deponent's counsel may be shown Confidential Information if the Non-Party deponent and the Non-Party deponent's counsel first execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A, provided that any such Non-Party deponent and his or her counsel may not retain any documents containing Confidential Information following the deposition; and

xiv.     Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

C.     Access to a Designating Party's information marked "HIGHLY CONFIDENTIAL" shall be limited to, and only to, the following persons:

i.     Employees, officers, and representatives of the Designating Party;

ii.     Former employees, officers, and representatives of the Designating Party who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

iii.     Contractors and former contractors of the Designating Party who execute the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

iv.     Employees and former employees of a Party operating with the brand of a Designating Party who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

v.     Outside Counsel for the Parties and employees, agents, and representatives of Outside Counsel as needed to litigate any claims or defenses;

vi.      The Court and Court personnel;

vii.      Court reporters, recorders, and videographers engaged for depositions;

viii.      Any mediator appointed by the Court or jointly selected by the Parties;

ix.      Any Expert, outside consultant, or investigator retained by Outside Counsel of Record specifically in connection with this Action and who have signed the Acknowledgment & Agreement to be Bound attached to this Protective Order as Exhibit A;

x.      A person identified in the document marked "HIGHLY CONFIDENTIAL" as an author, source, addressee, or recipient of the communication or document, or who already has a copy of the document marked "HIGHLY CONFIDENTIAL";

xi.      Professional Vendors who have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A; and

xii.      Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the Acknowledgment & Agreement to Be Bound attached as Exhibit A.

D.      Access to "PLAINTIFF'S IDENTITY" information shall be treated as "Confidential Information" and limited to, and only to, the following:

i.      The Parties including the current employees, officers, and representatives of the Parties as a Party in good faith believes may be helpful or informative in investigating or litigating any claims or defenses.

ii.      Law enforcement agencies and agency personnel, but only to the extent that a Party in good faith believes that the disclosure of Plaintiff's Identity may be helpful or informative in investigating or litigating any claims or defenses or to comply with any Party's discovery obligations or requirements.

To the extent that Discovery Materials are obtained, a copy shall be provided to all Parties upon receipt so long as the Discovery Materials are responsive to a proper and non-objectionable discovery request. Nothing herein shall be construed as a waiver of any objections that a Party may have to discovery requests or the production of Discovery Materials pursuant to this provision;

iii.       Former employees, officers, and representatives of the Parties, who counsel for a Party in good faith believes may have relevant information or may be called to testify at trial or deposition in this action and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

iv.       Current and former contractors of the Parties, who counsel for a Party in good faith believes may have relevant information or may be called to testify at trial or deposition in this action and who execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A;

v.       Any potential, anticipated, or actual fact witness and their counsel, who Counsel for a Party in good faith believes may possess discoverable information (i.e., information which may lead to the discovery of admissible information) related to Plaintiff's claims and/or the Defendants' defenses thereto, provided that any such person may not retain any documents containing Plaintiff's Identity, and that Plaintiff's family's physical locations will never be disclosed to any such person, Counsel for the Party presenting such information to a fact witness and/or counsel must present and request such person to execute the Acknowledgment and Agreement to Be Bound attached to this Protective Order as Exhibit A, and if such person refuses to execute it, Counsel for the Party presenting such information shall: (a) deliver a copy of this Order to such person; (b) advise any such person that Plaintiff's Identity is to be held confidential pursuant to the Order; (c) advise such person that such person may not record or

1    reveal Plaintiff's Identity to any other person without obtaining prior
2    authorization from this Court, with prior notice to all Parties herein and subject
3    to other provisions of this Order; and (d) keep a record of any persons to whom
4    counsel discloses Plaintiff's Identity, with such record not being subject to
5    discovery, in whole or in part, without a further order of the Court;

6        vi.    Counsel for the Parties, retained specifically for this action and
7    employees, agents, and representatives of counsel as needed to litigate any
8    claims or defenses;

9        vii.    Adjusters and claims professionals of an insurer of a Party and
10   counsel for such insurer of a Party as needed to litigate any claims or defenses
11   and who execute the Acknowledgment and Agreement to Be Bound attached to
12   this Protective Order as Exhibit A;

13       viii.    The Court and Court personnel;

14       ix.    Court reporters, recorders, and videographers engaged for
15   depositions;

16       x.    Any custodian of records.

17       xi.    Any mediator appointed by the Court or jointly selected by the
18   Parties who executes the Acknowledgment and Agreement to Be Bound attached
19   to this Protective Order as Exhibit A;

20       xii.    Any Expert, outside consultant, or investigator retained by Outside
21   Counsel of Record specifically in connection with this Action and who have
22   signed the Acknowledgment & Agreement to Be Bound attached to this
23   Protective Order attached to this Protective Order as Exhibit A;

24       xiii.    Professional Vendors and other independent providers of
25   documents production, electronic discovery, and other litigation services,
26   including focus groups, mock jurors, and jury consultants, who are retained or
27   employed by Outside Counsel of Record in connection with this Action and who

28

---

have signed the Acknowledgment & Agreement to Be Bound attached to this Protective Order as Exhibit A;

xiv.    Government agencies and agency personnel, but only to the extent that a Party in good faith believes the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements. To the extent that Discovery Materials are obtained, a copy shall be provided to all Parties upon receipt so long as the Discovery Materials are responsive to a proper and non-objectionable discovery request. Nothing herein shall be construed as a waiver of any objections that a Party may have to discovery requests or the production of Discovery Materials pursuant to this provision;

xv.    The Plaintiff's street-level trafficker and/or the street-level trafficker's associates (as disclosed by Plaintiff pursuant to Section 9.B of this Order or as otherwise known to the Defendants), but only after providing 7-day notice to the Plaintiff of the intention to contact the trafficker or trafficker's associate to permit Plaintiff to seek further protection from the Court should it be necessary. The Plaintiff's Identity will be revealed to the trafficker and/or associates (as disclosed by Plaintiff pursuant to Section 9.B of this Order or as otherwise known to the Defendants) only to the extent a Party believes such disclosure is likely to be helpful or informative in investigating or litigating Plaintiff's claims or defenses, and any such person may not retain any documents, images or information containing Plaintiff's Identity.  Plaintiff's and Plaintiff's family's physical location will never be disclosed to Plaintiff's trafficker and/or the trafficker's associates (as disclosed by Plaintiff pursuant to Section 9.B of this Order or as otherwise known to the Defendants); and

xvi.    Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute the

1    Acknowledgment & Agreement to Be Bound attached as Exhibit A.

2    E.    Plaintiff represents that, consistent with her privacy concerns, it is her

3    intent not to disclose her identity or image in relation to the status of this matter or the

4    underlying allegations on social media or with any media outlet while the case is

5    pending. The identity and image protections provided to Plaintiff in this Protective

6    Order will become inapplicable if Plaintiff does disclose her identity or image in

7    relation to the underlying allegations on social media or with any media outlet while

8    the case is pending;

9    F.    Prior to any disclosure of "Plaintiff's Identity" or any Discovery Material

10   marked "Confidential" or "Highly Confidential" to any person required by this Order

11   to execute the Acknowledgement & Agreement to Be Bound attached as Exhibit A,

12   such person shall be provided a copy of this Protective Order and shall sign the

13   Acknowledgement & Agreement to Be Bound, in the form annexed as Exhibit A hereto

14   stating that that person has read this Protective Order and agrees to be bound by its

15   terms. Counsel shall retain each signed Acknowledgement & Agreement to Be Bound,

16   and produce it to opposing counsel prior to such person being permitted to testify at

17   deposition or trial.

18   G.    In the event that an attorney of record for a Party desires that Protected

19   Material be disclosed to anyone beyond that which is allowed in this Order, the Parties

20   shall confer in good faith and attempt to resolve the matter; if no agreement can be

21   reached, the matter shall be referred to the Court for resolution. If an agreement is

22   reached, or the Court decides that the document(s) or information shall be disclosed,

23   the person to whom disclosure is to be made shall execute an Acknowledgement.

24   **7.    DESIGNATING PROTECTED MATERIAL**

25   A.    Each Party or Non-Party that designates information or items for

26   protection under this Order must take care to limit any such designation to specific

27   material that qualifies under the appropriate standards. The Designating Party must

28

designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

B.    Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

C.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

D.    When producing Protected Material, the Producing Party shall clearly mark every page of any such document prior to production as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," as appropriate, or give other comparable notice. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.

E.    All Protected Material not reduced to documentary, tangible or physical form, or which cannot be conveniently designated pursuant to the preceding Paragraph, shall be designated by the Producing Party in writing to the Receiving Party and the designated information shall thereafter be treated in accordance with the terms of this Order, by, for example, affixing a legend to the exterior of a container or in a file name.

F.    In the event that a Producing Party fails to stamp or otherwise designate a document or other information as confidential at the time of its production, that Producing Party may do so thereafter on notice to all of the Receiving Parties; provided however, that the Receiving Party shall not be liable for any disclosure or use of such

information that may have occurred prior to receiving notice of the confidential designation. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy, at the Designating Party's option, all Discovery Material that was not designated properly.

G.      If at any time during the deposition of a Party's or Non-Party's employee, agent, or representative, information is sought that the Party or non-party considers to be Protected Material, Counsel for the Party or Non- Party may interrupt the deposition so as to ask persons to whom disclosure of Protected Material is not authorized pursuant to this Order to leave the room. Aside from deponents, only persons to whom Protected Material is authorized to be shown shall be permitted to attend confidential portions of depositions involving Protected Material.

H.      For testimony given in deposition or in a pre-trial hearing, the Parties may agree on the record during the deposition or pre-trial hearing that testimony in that proceeding will or will not be treated as Confidential Information or Highly Confidential Information. If a Party requests on the record during a deposition or pre-trial hearing that said testimony be provisionally treated as Confidential Information, then said deposition or hearing testimony shall be treated as Confidential Information until 30 days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Within the 30-day period following the court reporter's delivery of the transcript, any Party may serve a Notice of Designation to all other Parties as to specific portions of the testimony that shall be designated as Confidential Information or Highly Confidential Information. After the 30-day period, only those portions identified in any Notice of Designation shall be protected by the terms of this Protective Order. The Parties may agree to a reasonable extension of the 30-day period for designation. Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to implicate Protected Material.

**8.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.      Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.      A Receiving Party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation by the Designating Party of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

C.      Any challenge to a designation of the Designating Party's Discovery Material under this Order shall be written, shall be served on Counsel for the Designating Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rul 37-2..Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Designating Party withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation. In the event that a Designating Party withdraws a confidentiality designation or the Court rules that the Discovery Material in question is not entitled to the designation, the Designating Party shall promptly reproduce the information in question with the appropriate confidentiality designation, if any, as applicable.

**9.      REDACTION AND USE OF PLAINITFF'S IDENTITY**

A.      During the pre-trial proceedings in this litigation and in any public filing, the Parties will either redact Plaintiff's Identity or use the pseudonym "M.S.H." in place of Plaintiff's Identity without prejudice as to Defendants seeking relief from such protection. The Parties dispute whether the use of a pseudonym is appropriate at trial (in documents or otherwise) and agree to revisit the issue at the time of trial.

B.      Within three days upon the filing of this Order with the Court, Plaintiff shall provide Defendants, through their Counsel, with (1) Plaintiff's full name, maiden name, alias names used at any time, including those used in connection with social media, (2) date of birth, (3) the full name(s) of Plaintiff's alleged trafficker(s), and aliases used at any time, ("Trafficker's Identity") and any known associates of Plaintiff's trafficker(s). Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

C.      Nothing in this Order shall prevent any party from seeking further protections or modification of this Order for the trial or litigation of this action. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff or her trafficker(s) or her/their associates, such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, nothing in this Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff would otherwise be required to produce in the normal course of discovery. The protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**10.    SUBPOENAS OR COURT RECORDS**

A.      If a Receiving Party receives a subpoena or other compulsory process (e.g., court order) from any court or other arbitral, administrative, or legislative body commanding the production of another Party's Protected Material, the Party to whom the subpoena or other request is directed shall promptly give written notice thereof (and shall include a copy of the subpoena or court order) to the Designating Party and its Counsel within seven (7) days to allow the Designating Party an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or other compulsory process.  Nothing in this Order authorizes any person to disobey or ignore lawful process or a order from another court.

## 11. FILING PROTECTED MATERIAL AND MATERIAL CONTAINING PLAINTIFF'S IDENTITY

A.    The parties have agreed not to file or disclose in the public record any Protected Material designated by another party without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons.

B.    Any Party is authorized to seek leave to file under seal with the Court any brief, document, or materials that are designated as Protected Material or containing Plaintiff's Identity under this Order in accordance with the Local Rules.

## 12.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

A.    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify Counsel for the Designating Party and provide to such Counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible Disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

B.    Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Confidential Information or Highly Confidential Information.

## 13.    INADVERTENT PRODUCTION OF SUBSEQUENTLY-CLAIMED PRIVILEGED INFORMATION

A.    The production of privileged or work-product protected Discovery Material ("Disclosed Protected Information") in this case, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or

in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by <u>Fed. R. Evid. 502(d)</u>. Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of any Discovery Material for relevance, responsiveness, or segregation of privileged or protected information before production. Additionally, the inadvertent production of Discovery Material without an appropriate designation of Confidential Information shall not be deemed a waiver or acknowledgment as to the confidentiality of any inadvertently produced document and any related material.

B.    Upon discovery that a document has been produced that the Producing Party believes to contain privileged and/or work product material, the Producing Party must notify the Receiving Party within thirty (30) days of that discovery, in writing, asserting the attorney-client privilege, work product protection, or other applicable privilege or protection with respect to Disclosed Protected Information.

C.    The Receiving Party must—unless it contests the claim of privilege or protection in accordance with this Protective Order—within fourteen (14) days of receipt of that writing and, to the extent applicable: (i) return, delete, or destroy all copies of the Disclosed Protected Information; and (ii) provide a certification from Outside Counsel of Record that all of the Disclosed Protected Information has been returned or destroyed.

D.    Disclosed Protected Information that is sought to be reclaimed by the Parties to this case pursuant to this Protective Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

## 14.    MISCELLANEOUS

A.    <u>Modification</u>. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future. By stipulating to or complying with this Order, the Designating Party does not waive the right to argue that certain Protected

Material may require additional or different confidentiality protections than those set forth herein. Furthermore, this Order is subject to modification sua sponte by Court order.

B.    <u>Termination of Matter and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

C.    <u>Successors</u>. This Order shall be binding upon the Parties, their Outside Counsel, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

D.    <u>Right to Assert Other Objections</u>. Designating Party does not waive any right it otherwise would have in this action to claim that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding. Similarly, neither Party waives any right to object on any grounds to the use in evidence of any Protected Material covered by this Order.

E.    <u>Burdens of Proof</u>. Notwithstanding anything to the contrary herein, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

F.    <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules, or the Court's own orders. Identification of any individual pursuant to this

1   Protective Order does not make that individual available for deposition or any other

2   form of discovery outside of the restrictions and procedures of the Federal Rules of

3   Civil Procedure, the Local Rules or the Court's own orders.

4

5   Dated: _____4/1/2025_____,             _____

6                                   Honorable Margo A. Rocconi

7                                   United States Magistrate Judge

8

9

10   Dated: March 12, 2025        By:    _/s/___Bryan O. Blevins_____

11                                Brian J. Perkins

12                                CA State Bar No. 315870
                                   PEIFFER WOLF CARR KANE

13                                CONWAY & WISE
                                   555 Montgomery Street, Suite 820

14                                San Francisco, California 94111
                                   T: (415) 766-3544

15                                Email: bperkins@peifferwolf.com

16                                Annie McAdams, *pro hac vice*
                                   ANNIE MCADAMS PC

17                                2900 North Loop West, Suite 1130

18                                Houston, Texas 77092
                                   T: (713) 785-6262

19                                annie@mcadamspc.com

20                                Bryan O. Blevins, *pro hac vice*
                                   PROVOST UMPHREY LAW FIRM

21                                350 Pine Street, Ste., 1100

22                                Beaumont, TX 77701
                                   T: (409) 835-6000

23                                bblevins@pulf.com

24                                David E. Harris, *pro hac vice*
                                   Preston Burns

25                                CA State Bar No. 300358

26                                SICO HOELSCHER HARRIS, LLP
                                   819 N. Upper Broadway

27                                Corpus Christi, Texas 78401

28                                T: (361) 653-3300

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

dharris@shhlaw.com
pburns@shhlaw.com

***Attorneys for Plaintiff***

Dated: March 12, 2025          **DLA PIPER LLP (US)**

By: ___*/s/ Melissa A. Reinckens*___
    Melissa A. Reinckens (SBN 314657)
    4365 Executive Drive, Suite 1100
    San Diego, California 92121-2133
    T. 619.699.2798 / F. 619.764.6624
    melissa.reinckens@dlapiper.com

    David S. Sager (*Pro Hac Vice*)
    51 John F. Kennedy Pkwy, Suite 120
    Short Hills, New Jersey 07078
    T. 973.520.2570 / F. 973.215.2604
    david.sager@us.dlapiper.com

    Susan N. Acquista (SBN 253969)
    4365 Executive Drive, Suite 1100
    San Diego, California 92121-2133
    T: 619.699.2723 | F: 619.764.6797
    susan.acquista@us.dlapiper.com

    Desiree Moshayedi (335104)
    2000 Avenue of the Stars
    Suite 400, North Tower
    Los Angeles, California 90067
    T. 310.595.3000 | F: 310.595.3300
    desiree.moshayedi@us.dlapiper.com

***Attorneys for Defendant***
***Wyndham Hotels & Resorts, Inc. and***
***Wyndham Hotel Group, LLC***

# **ATTESTATION**

In accordance with Civ. L.R. 5-4.3.4(a)(2)(i), I attest that concurrence in the filing of this document has been obtained from the other Signatories, which shall serve in lieu of their signatures on the document.


Dated: March 12, 2025

                          */s/ Melissa A. Reinckens*
                             Melissa A. Reinckens

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (M.S.H.), | Case No. 2:24-CV-04895-SVW-MARx |
| Plaintiff, | Hon. Stephen V. Wilson |
| vs. | |
| WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS & RESORTS, INC. and PALMDALE MOTEL MANAGEMENT, INC., | **EXHIBIT A TO PROTECTIVE ORDER - ACKNOWLEDGMENT & AGREEMENT TO BE BOUND** |
| Defendants. | |

I, \_\_\_\_\_, declare that:

1.     My title is _____, and the name and address of my present employer is \_\_\_\_\_.

2.     I have received a copy of the Protective Order in the above-captioned lawsuit.

3.     I have carefully read and understand the provisions of the Protective Order, agree to be bound by them, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information or Highly Confidential Information received under the protection of the Protective Order in violation thereof.

4.     I consent to the exercise of personal jurisdiction by this Court, the United States District Court for the Central District of California, in connection with this Acknowledgment & Agreement to be Bound, and my obligations under the Protective Order.

I declare under penalty of perjury that the facts stated above are true and correct.

Executed this ___day of _____20___in the State of _____.

By: _____ (SIGNATURE)